# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF PENNSYLVANIA

JOHNNY L. OLDS,

      Petitioner,

      v.

EBBERT,

      Respondent.

CIVIL ACTION NO. 1:15-cv-02377

(RAMBO, J.)
(SAPORITO, M.J.)

## REPORT AND RECOMMENDATION

On December 11, 2015, the Court received and filed a petition for a writ of habeas corpus submitted pursuant to 28 U.S.C. § 2241, mailed to the Court by petitioner Johnny L. Olds on or about December 7, 2015. (Doc. 1). At the time of filing, Olds was incarcerated at USP Lewisburg, located in Union County, Pennsylvania.

Olds challenges his sentence in the United States District Court for the Northern District of Florida for possession of a firearm by a convicted felon. *United States v. Olds*, Case No. 3:09-cr-00004 (N.D. Fla. Nov. 25, 2009) (judgment of conviction), *aff'd*, 403 Fed. App'x 430 (11th Cir. 2010) (per curiam). Based on three or more predicate convictions for violent felonies or serious drug offenses, Olds was sentenced under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), to serve a term of 210

months in prison. *See generally United States v. Olds*, No. 3:09cr4, 2015 WL 225220, at *1 (N.D. Fla. Jan. 14, 2015) (reciting factual and procedural background of criminal and collateral review proceedings). The petition alleges that, based on the recent Supreme Court decision in *Johnson v. United States*, 135 S. Ct. 2551 (2015), which found the so-called "residual clause" of the ACCA unconstitutional, Olds's sentence was illegal because an unspecified number of the predicate convictions used to enhance his sentence were based on the residual clause of the ACCA.

Olds has previously attempted to challenge his conviction and sentence by filing a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255, which was denied by the sentencing court as untimely filed. *See United States v. Olds*, No. 3:09cr4, 2015 WL 225220 (N.D. Fla. Jan. 14, 2015) (order denying § 2255 motion), *aff'd*, No. 15-14672 (11th Cir. Nov. 4, 2015). He has previously attempted to obtain leave to file a successive § 2255 motion from the United States Court of Appeals for the Eleventh Circuit, without success. *See United States v. Olds*, No. 15-14672 (11th Cir. Nov. 4, 2015) (noting that *Johnson* had announced a new rule of constitutional law, but that the Supreme Court had not yet made it retroactive to cases on collateral review). *But see*

*Welch v. United States*, 136 S. Ct. 1257 (2016) (subsequently holding that *Johnson* announced a substantive rule that applied retroactively on collateral review). He has a currently pending application for leave to file a successive § 2255 before the Eleventh Circuit, filed on his behalf by counsel mere days after the *Welch* decision was handed down by the Supreme Court. *In re Olds*, No. 16-11851 (11th Cir. filed Apr. 22, 2016).

Under § 2241, a federal prisoner may challenge the *execution* of his sentence—such as a claim concerning the denial or revocation of parole, or the loss of good-time credits—in the district court for the federal judicial district where the prisoner is in custody. *See* 28 U.S.C. § 2241(a); *Rumsfeld v. Padilla*, 542 U.S. 426, 443–44 (2004); *Coady v. Vaughn*, 251 F.3d 480, 485 (3d Cir. 2001). To challenge the *validity* of his sentence, however, a federal prisoner must instead file a § 2255 motion in the sentencing court, "a court already familiar with the facts of the case." *See Boumediene v. Bush*, 553 U.S. 723, 774–75 (2008); *see also Swain v. Pressley*, 430 U.S. 372, 378 (1977) ("[Section] 2255 created a new postconviction remedy in the sentencing court and provided that a habeas corpus petition may not be entertained elsewhere."); *Brown v. Mendez*, 167 F. Supp. 2d 723, 726 (M.D. Pa. 2001) ("As a general rule, a § 2255 motion 'supersedes habeas

- 3 -

corpus and provides the exclusive remedy' to one in custody pursuant to a federal court conviction.") (quoting *Strollo v. Alldredge*, 463 F.2d 1194, 1195 (3d Cir. 1972) (per curiam)). "Only if it is shown that a § 2255 motion 'is inadequate or ineffective to test the legality of . . . detention,' may a federal inmate resort to § 2241 to challenge the validity of the conviction or sentence." *Brown*, 167 F. Supp. 2d at 726; *see also* 28 U.S.C. § 2255(e); *Litterio v. Parker*, 369 F.2d 395, 395 (3d Cir. 1966) (per curiam) ("It is firmly established that the remedy available to a federal prisoner under 2255 is exclusive in the absence of a showing that such remedy 'is inadequate or ineffective to test the legality of (the prisoner's) detention.'").

In the instant petition, Olds challenges the imposition of his sentence, not its execution. To proceed under § 2241, he must demonstrate that a § 2255 motion "is inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). He cannot meet this burden by showing that a prior § 2255 motion was denied by the sentencing court. *Litterio*, 369 F.2d at 395; *Brown*, 167 F. Supp. 2d at 726. Nor is a § 2255 motion "inadequate or ineffective" merely because he is unable to meet the requirements of § 2244 and § 2255(h), which require a federal prisoner to obtain pre-authorization from the appropriate United States Court of

Appeals before filing a second or subsequent § 2255 motion in the sentencing court. *See Brown*, 167 F. Supp. 2d at 726–27. Olds cannot avoid the statutory limitations imposed on successive § 2255 motions merely by styling his claims as a § 2241 petition instead. *Brown*, 167 F. Supp. 2d at 727 (citing *Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999)).

Olds appears to contend that this challenge fits within the scope of the "savings clause" of § 2255(e) because his petition advances a "claim that he is being detained for conduct that has subsequently been rendered *non-criminal* by an intervening Supreme Court decision." *See In re Dorsainvil*, 119 F.3d 245, 252 (3d Cir. 1997) (emphasis added). Under 18 U.S.C. § 924(e), a person convicted for possession of a firearm by a convicted felon is subjected to an enhanced statutory minimum sentence of fifteen years in prison[1] if he has three or more previous convictions for violent felonies or serious drug offenses. 18 U.S.C. § 924(e)(1). Olds was sentenced under this provision based on predicate convictions for violent felonies or serious drug offenses, none of which are specified in the petition. He appears to contend that the *Johnson* decision's invalidation of

---

[1] Absent this sentence enhancement, Olds would have been sentenced under 18 U.S.C. § 924(a)(2), which provides for a statutory minimum sentence of ten years in prison.

the residual clause has rendered him "innocent" of the ACCA enhancement because some of his predicate convictions were based on the unconstitutional residual clause, and therefore he was subjected to the enhanced career criminal sentence based on fewer than three predicate violent felony or serious drug offense convictions.

The ACCA defines a "violent felony" as:

> any crime punishable by imprisonment for a term exceeding one year . . . that—
>
> (i) has as an element the use, attempted use, or threatened use of physical force against the person of another; or
>
> (ii) is burglary, arson, or extortion, involves use of explosives, *or otherwise involves conduct that presents a serious potential risk of physical injury to another* . . . .

18 U.S.C. § 924(e)(2)(B) (emphasis added). The italicized text is the language that has come to be known as the "residual clause." *Johnson*, 135 S. Ct. at 2556. In *Johnson*, the Supreme Court held that "imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process." *Id.* at 2563. In so holding, the Supreme Court explicitly provided that the *Johnson* decision "does not call into question application of the [ACCA] to

the four enumerated offenses,[2] or the remainder[3] of the [ACCA]'s
definition of a violent felony." *Id.*

But Olds's challenge falls outside the scope of the savings clause for
two reasons. First, § 2255 is only "inadequate or ineffective" when "a
successive petitioner can allege both that the Supreme Court, since his last
petition, has interpreted the statute under which he was convicted in a
new way and that his conduct was lawful under the statute as
subsequently interpreted." *Dorsainvil*, 119 F.3d at 253 (Stapleton, J.,
concurring); *see also id.* at 248 (noting that the recent Supreme Court
decision at issue in *Dorsainvil* was a substantive statutory holding, not a
constitutional rule). The *Johnson* decision is a constitutional ruling, not an
exercise of statutory interpretation. *See Johnson*, 135 S. Ct. at 2563
(holding that the residual clause violated due process); *Mangine v. Walton*,
Civil No. 15-cv-189, 2015 WL 4511759, at *4 (S.D. Ill. July 24, 2015)
("*Johnson* is a constitutional case, not a statutory construction case.");
*Middleton v. Spaulding*, Civil Action No. 1:15-CV-01441, 2015 WL

---

[2] To be clear, these are the crimes of burglary, arson, and extortion,
plus offenses involving the use of explosives. 18 U.S.C. § 924(e)(2)(B)(ii).

[3] To be clear, these are crimes with "an element the use, attempted
use, or threatened use of physical force against the person of another." 18
U.S.C. § 924(e)(2)(B)(i).

9165823, at *3 (M.D. Pa. Aug. 3, 2015) (report and recommendation), *adopted by* 2015 WL 9026772 (M.D. Pa. Dec. 16, 2015). Second, the *Johnson* ruling merely dealt with sentencing and did not decriminalize the offense for which Olds was convicted, possession of a firearm by a convicted felon. *See Dorsainvil*, 119 F.3d at 252; *United States v. Kenney*, 391 Fed. App'x 169, 172 (3d Cir. 2010); *Okereke v. United States*, 307 F.3d 117, 120 (3d Cir. 2002); *Middleton*, 2015 WL 9165823, at *3.

Based on the foregoing, it is recommended that the petition (Doc. 1) be **DISMISSED WITHOUT PREJUDICE** to the petitioner's right to file a § 2255 motion in the sentencing court, subject to the pre-authorization requirements of 28 U.S.C. §§ 2244 and 2255(h), as they may apply.


Dated: May 16, 2016                    ***s/Joseph F. Saporito, Jr.***
                                       JOSEPH F. SAPORITO, JR.
                                       United States Magistrate Judge

# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF PENNSYLVANIA

JOHNNY L. OLDS,

      Petitioner,

      v.

EBBERT,

      Respondent.

CIVIL ACTION NO. 1:15-cv-02377

(RAMBO, J.)
(SAPORITO, M.J.)

## NOTICE

NOTICE IS HEREBY GIVEN that the undersigned has entered the foregoing Report and Recommendation dated May 16, 2016. Any party may obtain a review of the Report and Recommendation pursuant to Local Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made and may

accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Dated: May 16, 2016                    **_s/ Joseph F. Saporito, Jr._**
                                       JOSEPH F. SAPORITO, JR.
                                       United States Magistrate Judge